UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 07-571-C**

**JAMES F. BAYS,** **PLAINTIFF,**

**V.** **MEMORANDUM OPINION AND ORDER**

**SUMMITT TRUCKING, LLC, et al.** **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the motion for summary judgment by defendant Summitt Trucking, LLC, (R. 49); the motion for declaratory judgment by intervenor Great American Assurance Co. (R. 73); and the motion for summary judgment by defendant Donald Dekalands (R. 64).

This matter came before the court for a status conference on May 13, 2009. The court cancelled the pre-trial conference and continued the trial in this matter. At that conference, the court indicated that notwithstanding defendant Summitt Trucking's notice of bankruptcy (R. 79), the court would decide all pending motions. Upon further reflection, the court has determined that it lacks the authority to decide the instant motions. *See* 11 U.S.C. § 362 (a)(1) (providing for automatic stay of judicial proceedings against a defendant that has filed bankruptcy petition); *Ellis v. Consolidated Diesel Elec. Corp.*, 894 F.2d 371 (10th Cir. 1990) (summary judgment in favor of debtor in action pending prior to bankruptcy void where summary judgment entered after bankruptcy); *see also In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 862 (6th Cir. 1992) (third-party defendants who were

corporate officers of the debtor defendant were "inextricably intertwined with the debtor" and so protected by automatic stay); *A.H. Robins, Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986) (automatic stay applied to stay proceedings against third-party defendant were "a judgment against the third-party defendant will in effect be a judgment or finding against the debtor"). *Cf. Parry v. Mohawk Motors of Michigan, Inc.,* 236 F.3d 299, 314 (6th Cir. 2000) (extension of automatic stay to co-defendants not warranted where although contractual agency relationship existed between the co-defendants and debtor defendant, co-defendants were separate legal entities); *Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993) (automatic stay did not apply to protect individual partners of the bankrupt partnership entity, absent evidence that action against individual partners will make them insolvent or unable to help with partnership's reorganization). The court will deny these three motions without prejudice.

Accordingly, the court having reviewed the record and being otherwise sufficiently advised, **IT IS ORDERED** that Summitt's motion for summary judgment (R. 49), Great American's motion for declaratory judgment (R. 73), and Dekalands's motion for summary judgment (R. 64) are **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that this matter is **STAYED**. The defendant Summitt is directed to file with this court a status report regarding its bankruptcy proceedings six months from the date of entry of this order and again every six months thereafter.

Signed on  May 20, 2009

                                                        **Jennifer B. Coffman, Judge**
                                                        **United States District Court**